IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 10, 2002

## MORRIS RUCKER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 83-F-2095     Steve R. Dozier, Judge**

_____

**No. M2001-02020-CCA-R3-PC - Filed September 12, 2002**

_____

On September 14, 1984, the petitioner, Morris Rucker, was convicted of three violent offenses and was sentenced to imprisonment for life plus sixty years in the Tennessee Department of Correction. On June 21, 2001, the petitioner mailed from prison a petition for post-conviction relief alleging four grounds for relief.[1]  The post-conviction court dismissed the petition as being time-barred.  On appeal, the petitioner contends that the post-conviction court erred in dismissing his petition.  Upon reviewing the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Morris Rucker, Mountain City, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Jon Seaborg, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

This court's opinion on direct appeal recounts the following facts:
[On September 14, 1984, the petitioner] was convicted of assault with intent to commit murder in the first degree with bodily injury, robbery accomplished with the use of a deadly weapon and a second count of assault with intent to commit murder in the first degree, but without bodily injury.  He received a life sentence for the assault with injury,

_____

[1]  The petition was filed on June 26, 2001.

forty years for the armed robbery and twenty years for the second
assault. All sentences are to be served consecutively.

State v. Rucker, 712 S.W.2d 482, 483 (Tenn. Crim. App. 1986). On direct appeal, this court affirmed the petitioner's convictions, concluding that "[t]here was ample, indeed overwhelming, evidence from which any rational trier of fact would conclude that the appellant was guilty of all three offenses beyond a reasonable doubt." Id. at 484. On June 2, 1986, our supreme court denied the petitioner's application for permission to appeal this court's findings.

On June 26, 2001, approximately fifteen years after the final action by our supreme court, the petitioner, acting pro se, filed a petition for post-conviction relief. In his petition, the petitioner alleged that he should be granted relief because DNA testing would prove his innocence; he was denied the right to testify at trial; this court's opinion on direct appeal violated the Establishment Clause by stating that "[e]xcept by the grace of God the appellant would have been guilty of murder in the first degree"; and he was deprived of the right to an impartial judge. After reviewing the petition, the post-conviction court summarily dismissed the petitioner's claim without appointing counsel or holding an evidentiary hearing, concluding that the petition was time-barred. The petitioner timely appealed this dismissal.

## II. Analysis

We begin by recognizing that a petitioner may seek post-conviction relief "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-203 (1997). Notably, the State also has a valid interest in preventing the litigation of stale claims. Caldwell v. State, 917 S.W.2d 662, 666 (Tenn. 1996). Thus, in 1986, our legislature enacted Tennessee Code Annotated section 40-30-102 (repealed 1995), which statute provided that "[a] prisoner in custody under sentence of a court of this state *must* petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-102 (emphasis added). The "Post-Conviction Procedure Act" became effective on July 1, 1986, and applied to any petition filed on or after that date. Effective May 10, 1995, the three year statute of limitations was reduced to one year by the enactment of Tennessee Code Annotated section 40-30-202(b) (1997).[2] Accordingly, because the final action in the petitioner's case occurred prior to the effective date of Tenn. Code Ann. § 40-30-102, the petitioner had three years from July 1, 1986, in which to file a petition for post-conviction relief. Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). The petitioner did not file for post-conviction relief until June 26, 2001, well after the applicable statute of limitations.

We note that "[b]y its terms, [Tennessee Code Annotated section 40-30-102] provided for no exceptions and contained no specific provisions on tolling." Seals v. State, 23 S.W.3d 272, 275 (Tenn. 2000). However,

_____

[2] "[T]he provisions of the 1995 act [do] not allow[] the filing of a petition upon grounds that were already time-barred when the 1995 act became effective." Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998).

"[b]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner. . . . In other words, the test is whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined.

Wright v. State, 987 S.W.2d 26, 28 (Tenn. 1999) (quoting Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992)). We conclude that the petitioner had ample opportunity prior to filing this post-conviction petition to raise every issue contained in the petition and to have such issues decided.

First, the petitioner alleges that he was "denied a fundamental constitutional right to testify in his own defense at trial." In support of his claim, the petitioner asserts that Fiore v. White, 531 U.S. 225, 121 S. Ct. 712 (2001) creates "a new substantive (not procedural) rule," mandating the retroactive application of the safeguards of the right of an accused to testify which were outlined in State v. Momon, 18 S.W.3d 152 (Tenn. 1999). We disagree. Fiore, 531 U.S. at 228, 121 S. Ct. at 714, addresses "whether [a state] can, consistently with the Federal Due Process Clause, convict [a defendant] for conduct that its criminal statute, as properly interpreted, does not prohibit." However, as noted, Momon established procedures to ensure that a defendant's right to testify on his own behalf is waived by the defendant himself, not by counsel. Momon, 18 S.W.3d at 162-63. We conclude that the petitioner's argument is misguided. Specifically, our supreme court noted that "neither the right to testify discussed herein, nor the procedural protections adopted to preserve that right are new constitutional rules which must be retroactively applied. A constitutional rule is considered 'new' when the rule amounts to a 'clear break' with past precedents." Momon, 18 S.W.3d at 162-63. Accordingly, the petitioner could have raised the issue regarding a potential constitutional violation of his right to testify prior to Momon. Having failed to do so for approximately fifteen years, we conclude that the post-conviction court did not err by dismissing the petition with regard to this issue.

The petitioner also alleged in his petition for post-conviction relief that the language in this court's opinion on direct appeal, "Except by the Grace of God the appellant would have been guilty of murder in the first degree," "violated the 'establishment clause' and rendered Petitioner's direct appeal opinion void." The petitioner further contends that "[t]his is a constitutional question which can be raised 'at any time.'" We disagree. Post-conviction relief, as we earlier stated, is available only when a conviction or sentence is void or voidable due to an abridgment of either state or federal constitutional rights. Tenn. Code Ann. § 40-30-203. Again, this issue could have been raised within the applicable statute of limitations.

Additionally, the petitioner argued that his constitutional rights were violated because Judge Sterling Gray, who presided over the appellant's trial, was prejudiced against the petitioner because he refused to bribe the judge. While we acknowledge the gravity of the accusation, we again note that the petitioner's trial was held in 1984 and the final action in the petitioner's case was in 1986. The petitioner had three years in which to raise this issue. In State v. Benson, 973 S.W.2d

-3-

202 (Tenn. 1998), our supreme court dealt with almost exactly the same issue. Benson filed a post-conviction petition in 1993 alleging the corruption of Judge Gray.[3] Id. at 203. Our supreme court allowed the petition to be heard because "[u]nder the facts and circumstances of this case, the post-conviction proceeding was the earliest opportunity at which the issue could have been presented." Id. at 207. In the instant case, the petitioner waited more than three years after the issuance of the Benson opinion to raise this issue. We conclude that this delay was unnecessary, and, therefore, the post-conviction court did not err in dismissing the petition.

> The petitioner further complained in his petition that [e]vidence at trial included blood stains claimed by the State to be mine. DNA analysis was not available at my trial. In 2001, RLFP, PCR and VNTR methods were developed for DNA analysis of old blood stains. This will prove my innocence, i.e, the blood was not mine.

Our review of this issue reveals that, "[i]n 1991, the General Assembly enacted a statute to admit DNA evidence 'without antecedent expert testimony that DNA [deoxyribonucleic acid] analysis provides a trustworthy and reliable method of identifying characteristics in an individual's genetic material.'" State v. Scott, 33 S.W.3d 746, 758 (Tenn. 2000) (quoting Tenn. Code Ann. § 24-17-117(b) (1994)); see also Tenn. Code Ann. § 24-17-118 (2000). Specifically, in State v. Harris, 866 S.W.2d 583, 586-87 (Tenn. Crim. App. 1992), this court concluded that the RFLP (restriction fragment length polymorphism) method of DNA testing satisfied the statutory standards for the admission of DNA evidence. Furthermore, in State v. Begley, 956 S.W.2d 471, 476 (Tenn. 1997), our supreme court concluded that the PCR (polymerase chain reaction) method of DNA testing also satisfied the statutory definition of "'DNA analysis.'" Moreover, State v. John Allen Chapman, No. 01C01-9604-CC-00137, 1997 Tenn. Crim. App. LEXIS 950, at **28-44 (Nashville, Sept. 30, 1997), approved the admissibility of the VNTR (variable number tandem repeats) method of DNA analysis. Accordingly, the admission of DNA evidence and various methods of DNA analysis have been available as early as 1991. Nevertheless, the petitioner failed to raise this issue in a post-conviction proceeding until June 26, 2001. Again, we conclude that the post-conviction court did not err in dismissing the petition.

Additionally, we note that, for the first time, the petitioner argues before this court that he "is entitled to post-conviction relief pursuant to [Tennessee Code Annotated section] 40-30-301 et seq. which became effective on 8/1/01." We can only assume that the petitioner is referring to Tennessee Code Annotated section 40-30-401, et seq., the "Post-Conviction DNA Analysis Act of 2001." Pursuant to this chapter,

> a person convicted of and sentenced for commission of first degree murder, second degree murder, aggravated rape, rape, aggravated

---

[3] The Benson court noted that "[o]n November 17, 1987, Judge Gray and his court officer, Irvin Oten, III, were indicted as a result of a two-year investigation by the Tennessee Bureau of Investigation concerning allegations of bribery and corruption." Benson, 973 S.W.2d at 203.

sexual battery or rape of a child, the attempted commission of any of these offenses, any lesser included offense of these offenses, or, at the direction of the trial judge, any other offense, may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-403 (Supp. 2001). The original petition for post-conviction relief was filed on June 26, 2001, and the post-conviction court's order denying the petition was filed on July 13, 2001. Thus, the Post-Conviction DNA Analysis Act of 2001 was not effective until after the post-conviction court's dismissal of the petition. We will not address on appeal an issue that the lower court had no opportunity to rule upon. See State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995). However, this does not preclude the petitioner from filing a subsequent petition which complies with the dictates of the Post-Conviction DNA Analysis Act of 2001.

### III. Conclusion

Finding no reversible error, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE