PUBLISH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 12, 2000
THOMAS K. KAHN
CLERK

No. 99-10157

_____

D. C. Docket No. 99-00022-CV-4

JOSEPH OGONNA OKONGWU,

Plaintiff-Appellant,

versus

JANET RENO, Attorney General, DORIS MEISSNER, as
Commissioner of the Immigration and Naturalization Service, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(October 12, 2000)**

Before BIRCH, BARKETT and ALARCON*, Circuit Judges.

BIRCH, Circuit Judge:

_____

*Honorable Arthur L. Alarcon, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

Petitioner-Appellant Joseph Ogonna Okongwu appeals the dismissal of his combined petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for declaratory and injunctive relief. The district court dismissed Okongwu's petition and complaint on the grounds that it lacked subject matter jurisdiction under the Illegal Immigration Reform and Immigrant Responsibility Act. We REVERSE and REMAND for further proceedings consistent with this opinion.

## I. BACKGROUND

Okongwu, who is a native and citizen of Nigeria, became a permanent resident of the United States on May 8, 1985. When he was seized for deportation, Okongwu resided and worked in Tifton, Georgia. Tifton is in the Middle District of Georgia.

On August 22, 1994, Okongwu was convicted of conspiracy to distribute cocaine, obstruction of an officer, and three counts of possession with intent to distribute cocaine. The crimes of which he was convicted occurred in Atlanta, Georgia, which is in the Northern District of Georgia. On March 27, 1995, the Immigration and Naturalization Service ("INS") in Atlanta, Georgia, issued to Okongwu an order to show cause and notice of hearing in deportation proceedings under the Immigration and Nationality Act ("INA"); this order to show cause was

2

based on Okongwu's 1994 conviction. From May 17, 1995, to April 9, 1996, Okongwu was incarcerated at the Macon State Prison in Oglethorpe, Georgia, which is in the Middle District of Georgia. On January 11, 1996, Okongwu appeared before an immigration judge in Atlanta, Georgia, conceded his deportability, and applied for relief from deportation pursuant to § 212(c) of the INA, 8 U.S.C. § 1182(c). The application for relief was due to be filed in Atlanta, Georgia, by Okongwu's counsel on or before March 11, 1996, but, on March 21, 1996, without prior notice to Okongwu, venue was changed to the Immigration Court in Oakdale, Louisiana, where Okongwu was transferred by the INS. Oakdale is in the Western Division of Louisiana.

On May 10, 1996, the immigration judge in Oakdale ruled against Okongwu on the ground that he was ineligible for relief pursuant to § 212(c) because of the passage of § 440(d) of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and, accordingly, ordered Okongwu deported. On June 21, 1996, Okongwu filed a motion to reopen and for stay of deportation; in this motion, he argued that he was eligible for § 212(c) relief and implicitly raised an ineffective assistance of counsel claim. The immigration judge denied the motion, again on the ground that AEDPA § 440(d) had rendered Okongwu ineligible for § 212(c) relief. Okongwu appealed to the Board of Immigration Appeals ("BIA") in Falls

Church, Virginia. The BIA denied Okongwu's appeal, affirming the immigration judge's reasoning that AEDPA § 440(d) had rendered Okongwu ineligible for § 212(c) relief, and informing Okongwu that he could file a motion to reopen in order to contest deportability. After Okongwu filed a motion to reopen to contest deportability, the BIA ordered the proceedings reopened and remanded to the immigration judge in Oakdale. The immigration judge took testimony indicating that Okongwu was seeking post-conviction relief from his Georgia conviction, but, ruled on May 13, 1998, that Okongwu was deportable because his conviction had not been overturned as of that date. Okongwu appealed to the BIA, which dismissed his appeal as raising issues beyond the limited scope of the remand to the immigration judge.

On February 3, 1999, Okongwu filed a § 2241 habeas corpus petition in the Southern District of Georgia. The combined petition and complaint for declaratory and injunctive relief named five respondents/defendants: Janet Reno, in her official position as Attorney General of the United States; Doris Meissner, in her official position as Commissioner of the INS; the District Director in Atlanta, Georgia, for the INS ("Atlanta District Director"); and Lynn Underdowne, in her official position as the District Director in New Orleans, Louisiana, for the INS; and the INS. With the petition and complaint, Okongwu also filed a motion for

preliminary injunctive relief in order to stay deportation and a memorandum of law in support of his writ of habeas corpus.[1]  On February 5, 1999, the district judge dismissed Okongwu's combined petition and complaint on the ground that IIRIRA had deprived district courts of subject matter jurisdiction over Okongwu's claims. Having dismissed Okongwu's petition and complaint on that ground, the district judge declined to pass on the questions of personal jurisdiction and of venue. Okongwu filed a motion to stay pending appeal, a notice of appeal, which the district judge construed as a motion for Certificate of Appealability, a motion to proceed on appeal in forma pauperis, and a second motion for preliminary injunctive relief; the district judge denied all four motions.  Okongwu filed a timely appeal and filed the appropriate form regarding payment of his appellate filing fee; we subsequently granted Okongwu's motions to proceed on appeal in forma pauperis and for preliminary injunctive relief, construed as a motion for stay of deportation.

## II.  DISCUSSION

In our order granting Okongwu's motion for preliminary injunctive relief, we requested that the parties address two issues, in addition to any other issues that the

---

[1]  The memorandum indicates that Okongwu mistakenly believed that Tifton, Georgia, is in the Southern District of Georgia.  See R1-3-2.  While, from a geographical perspective, Tifton is in south Georgia, it is actually in the Middle District of Georgia.

5

parties wished to raise: whether Okongwu's case, by virtue of his motion to reopen, fell within the transitional or permanent rules of the IIRIRA and whether Okongwu's case fell within <u>Mayers v. U.S. Dep't of INS</u>, 175 F.3d 1289 (11th Cir. 1999). Both parties agree that Okongwu's case is governed by the transitional rules of the IIRIRA and by <u>Mayers</u>. <u>See</u> Appellant's Opening Brief at 9; Brief for Respondents/Appellees at 7, 11 n.3. This leaves two other issues raised by Appellees: whether Okongwu's failure to file a direct appeal from the decision of the BIA deprived the district court of subject matter jurisdiction and whether the district court lacked personal jurisdiction over Okongwu's custodian. "We review de novo issues of subject matter jurisdiction." <u>Innab v. Reno</u>, 204 F.3d 1318, 1320 (11th Cir. 2000).

A.     <u>Subject Matter Jurisdiction</u>

Respondents argue that the district court had no jurisdiction over Okongwu's petition for habeas corpus because Okongwu had failed to exhaust all available remedies. It is undisputed that Okongwu failed to file a direct appeal of the INS's dismissal of his request for § 212(c) relief. Accordingly, Appellees assert that Okongwu's failure to file a direct appeal vitiated the district court's subject matter jurisdiction over Okongwu's habeas petition.

At the time that Appellees made this argument, this question was an open

6

one. In <u>Lettman v. Reno</u> ("<u>Lettman I</u>"), we held for the first time that, notwithstanding the fact that § 309(c)(4)(G) of the IIRIRA's transitional rules stated that "[t]here shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed [an aggravated felony]," 110 Stat. at 3626-27, we retained jurisdiction to determine our own jurisdiction, <u>i.e.</u>, to determine on appeal if an alien was "deportable" under § 309(c)(4)(G). 168 F.3d 463, 464-65 (11th Cir.), <u>reh'g granted and opinion vacated in part on other grounds</u>, 185 F.3d 1216 (11th Cir. 1999),[2] <u>opinion replaced in part on other grounds</u>, 207 F.3d 1368 (11th Cir. 2000). Subsequent to <u>Lettman I</u>, we held that we had jurisdiction over a habeas petition governed by the transitional rules of the IIRIRA where the petitioner had filed a direct appeal of a final deportation order of the BIA but had been "unable to obtain any judicial review . . . in the court of appeals". <u>Richardson v. Reno</u>, 180 F.3d 1311, 1316 n.6 (11th Cir. 1999) ("<u>Richardson II</u>") (discussing <u>Mayers</u>), <u>cert</u>. <u>denied</u>, 120 S.Ct. 1529 (2000). We then, without discussing subject matter jurisdiction, ruled on the merits of an alien's § 2241 petition without <u>any</u> showing that the petitioner had filed a direct appeal of the BIA's final deportation order. <u>See generally</u> <u>Alanis-Bustamonte v.</u>

_____

[2] In vacating <u>Lettman I</u>, we stated that the section of the opinion addressing jurisdiction under § 309(c)(4)(G) would remain in effect.

Reno, 201 F.3d 1303 (11th Cir. 2000). Because, as Appellees note, we are not bound by a prior decision's sub silentio treatment of a jurisdictional question, see Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 119, 104 S. Ct. 900, 918, 79 L. Ed. 2d 67 (1984), the question of when, if ever, subject matter jurisdiction over an alien's § 2241 petition survived the alien's failure to file a direct appeal of the BIA's final deportation order remained unsettled at the time of oral argument.

Subsequent to oral argument, we decided in Akinwale v. Reno that, for a narrow class of cases, a district court has subject matter jurisdiction over a § 2241 petition despite the failure of the petitioner to file a direct appeal of the BIA's final deportation order. 216 F.3d 1273, 1278-79 (11th Cir. 2000). Reasoning that "prior to Lettman, this Court was dismissing for lack of subject matter jurisdiction such petitions for direct review by aliens deportable due to aggravated felonies in transitional rule cases," id. at 1278, we held that § 2241 jurisdiction lies where:

> (1) . . . IIRIRA's transitional rules apply; (2) . . . before filing the §
> 2241 petitions, the alien's administrative proceedings were concluded
> and the alien was subject to a final deportation order; (3) . . . the
> alien's petition for direct review of the BIA's decision was dismissed
> by this Court for lack of subject matter jurisdiction in the pre-Lettman
> time period or the alien would likely have faced that same obstacle in
> filing a petition for direct review in this Court during that same time
> period before Lettman; and (4) . . . the alien raised the same statutory
> issue about the retroactive application of AEDPA § 440(d).

Id. at 1278-79. Thus, Akinwale modified the third factor to include a futility

element, i.e., that the alien's direct appeal would likely have been dismissed by this court in the time period pre-Lettman I.

In light of that modification, we conclude that subject matter jurisdiction lies over Okongwu's § 2241petition.  It is undisputed that (1) the IIRIRA's transition rules apply; (2) Okongwu exhausted his administrative remedies and was subject to a final deportation order prior to filing his § 2241 petition; (3) Okongwu's direct appeal, if timely filed, would have been filed prior to the issuance of Lettman I on February 26, 1999, and, thus, would have likely been dismissed by this court; and (4) Okongwu raised the statutory issue of retroactive application of AEDPA § 440(d).

B.    Personal Jurisdiction and Venue

Because the district judge dismissed for lack of subject matter jurisdiction, he did not reach the issues of personal jurisdiction and venue.  Accordingly, we REMAND this case to provide an opportunity for the district judge to address them first.  On remand, the district judge should consider whether a detainee of the INS has or may have more than one custodian.  Compare Henderson v. INS, 157 F.3d 106, 122-28 (2d Cir. 1998) (declining to decide, but discussing whether Attorney General can be custodian), cert. denied sub nom Reno v. Navas, 526 U.S. 1004, 119 S.Ct. 1141 (1999); and Grodzki v. Reno, 950 F. Supp. 339, 342 (N.D.Ga.

9

1996) (stating that venue was proper because the Attorney General is a custodian), with Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994) (finding that the facility warden is the only proper custodian); Brittingham v. United States, 982 F.2d 378, 379-80 (9th Cir. 1992) (holding that state prison warden was proper custodian and not United States Marshal who transported federal prisoners to the facility); Guerra v. Meese, 786 F.2d 414, 417 (D.C.Cir. 1986) (holding that federal prisoners' custodian was warden and not Parole Commission). The district judge should also consider whether personal jurisdiction over the Oakdale, Louisiana District Director lies in any district outside Louisiana.

A full venue analysis should consider what districts would support venue and analyze all convenience factors. See 28 U.S.C. § 1404(a). See also Moore v. McKibbon Bros., Inc., 41 F.Supp.2d 1350, 1356 (N.D.Ga. 1998) (noting that § 1404 requires consideration of the parties' convenience, convenience of witnesses and the interests of justice). In considering the third factor, the observations of the Fifth Circuit "that the inundated district and magistrate judges of the Western District of Louisiana are toiling long and hard to process the torrent of habeas petitions flowing from the Oakdale facility as a result of lengthy delays in processing detainees for deportation" but that the "atypical and unanticipated volume of habeas petitions . . . is beyond the capability of the district court to

process in a timely fashion." <u>Emejulu v. INS</u>, 989 F.2d 771, 772 (5th Cir. 1993).

### III. CONCLUSION

Because we find that subject matter jurisdiction over Okongwu's § 2241 petition exists, we REVERSE and REMAND for the district court to consider whether personal jurisdiction and venue lies.[3]

---

[3]Nothing in this opinion should be construed to prohibit transfer to cure lack of jurisdiction pursuant to 28 U.S.C. § 1631.