[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 9, 2006
THOMAS K. KAHN
CLERK

No. 05-14593
Non-Argument Calendar

_____

BIA Nos. A95-905-073 & A95-905-074

LEONARDO BERRIO,
GLORIA  INES MESA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

(May 9, 2006)

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Leonardo Berrio and his wife, Gloria Ines Mesa, through counsel, seek

judicial review of their final order of removal, denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and a subsequent order denying a motion for reopening and reconsideration. However, petitioners brief arguments regarding an order over which we do not have jurisdiction and fail to present arguments regarding an order over which we do have jurisdiction. Consequently, we DISMISS the petition to the extent that we lack jurisdiction and DENY the petition to the extent that petitioners fail to present legal arguments justifying their position.

## I. BACKGROUND

In June 1999, petitioners arrived in the United States as nonimmigrant visitors for pleasure who had authorization to stay until 19 December, 1999. In June 2002, petitioners filed for asylum, withholding of removal and protection under CAT. In April 2004, the Immigration Judge ("IJ") assigned to the case concluded that petitioners were removable as charged, that they failed to file timely for asylum and failed to qualify for exceptions to the time limit, and that they were not entitled to relief under CAT. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision on 31 May 2005. On 30 June 2005, petitioners filed a motion with the BIA to reopen and reconsider its prior decision. The BIA denied that motion on 5 August 2005, and petitions filed this petition on 22 August 2005.

On appeal, petitioners argue that the BIA, in its 31 May 2005 order, had a duty to provide sufficient information in its decision to show that it conducted its own evaluation of the adverse credibility finding made by the IJ, and, by failing to do so, the BIA denied petitioners a fair administrative appeal. The government responds that we lack jurisdiction to review the May 2005 final order of removal because petitioners did not seek our review within 30 days. Regarding the BIA's 5 August 2005 denial of petitioners' motion to reopen and reconsider, the government argues that petitioners have waived all arguments regarding the BIA's denial of that motion by not referencing the August order.

## II. DISCUSSION

We review questions regarding our jurisdiction de novo. Okongwu v. Reno, 229 F.3d 1327, 1329 (11th Cir. 2000). Petitioners must seek review of final removal orders within 30 days from the date the decision was rendered. 8 U.S.C. § 1252(a)(1), (b)(1). Because the statutory limit for filing a petition for review in an immigration proceeding is "mandatory and jurisdictional," it is not subject to equitable tolling. See Stone v. INS, 514 U.S. 386, 398, 405, 115 S. Ct. 1537, 1545, 1549 (1995) (construing the former 90-day period for filing a petition for review under 8 U.S.C. § 1105a(a)). The filing deadline is not suspended or tolled by the filing of a motion for reconsideration. Id. at 395–96, 115 S. Ct. at 1544–45.

On 22 August 2005, petitioners filed their petition for review with this court, which is nearly three months after the issuance of the BIA's decision on 31 May 2005 affirming the IJ's order of removal. Although they filed a motion to reopen and reconsider on 30 June 2005, that motion does not toll the time for filing a petition for review with regard to the final order of removal. Thus, they failed to meet the 30-day filing deadline that would allow us to review the May 2005 final order of removal. We, therefore, lack jurisdiction to review that order and dismiss the petition to the extent petitioners challenge the BIA's 22 May 2005 order affirming the IJ's removal order.

Petitioners did file a timely appeal with regard to the BIA's August 2005 denial of their motion to reopen and reconsider. However, petitioners did not make any argument regarding the denial of the motion to reopen and reconsider in their brief. In fact, no reference is made to the 5 August 2005 BIA order in the petitioner's brief and their statement of jurisdiction cites only the May order.

"Issues that are not clearly outlined in an appellant's initial brief are deemed abandoned." Allison v. McGhan Med. Corp., 184 F.3d 1300, 1317 n.17 (11th Cir. 1999). Petitioners, therefore, have abandoned all arguments regarding the BIA's August denial of their motion for reconsideration. We, therefore, deny the petition as to the motion for reopening and reconsideration.

4

### III.  CONCLUSION

We have reviewed Berrio and Mesa's petition for review of the BIA's decision denying their motion for reopening and reconsideration.  We conclude that we lack jurisdiction to review petitioners' claim as it relates to the May final order of removal and that petitioners have abandoned review of the denial of their motion for reopening and reconsideration.  Consequently, insofar as petitioners challenge the May order of the BIA, the petition is **DISMISSED**, and, insofar as their petition seeks review the August order of the BIA, the petition is **DENIED**.