MARTIN, Circuit Judge,
dissenting:
Because I believe the federal courts are not only authorized, but obligated to address the merits of a claim like that asserted by Albert Williams here, I respectfully dissent from the majority opinion.
The majority is correct that Mr. Williams has made “[sjeveral failed collateral attacks” on his Armed Career Criminal Act (ACCA) sentence.[1] Majority Op. at 1335. Despite the failure of his repeated attacks, Mr. Williams perseveres in asserting that the prior convictions relied upon in sentencing him resulted in a sentence beyond that allowed by law. Aside from the District Court’s review of his initial § 2255 motion, every court approached by Mr. Williams has declined to. accept his ease for consideration.
For Mr. Williams especially, it is important that his claim now be considered on the merits. That is because if he is right, he is serving a term of imprisonment that exceeds the maximum term authorized by Congress. The crime for which he was convicted carries a maximum sentence of 10 years imprisonment. 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). Only if a defendant has already been convicted of three violent felonies or serious drug offenses does the ACCA provide for a mandatory minimum sentence of 15 years. Id. § 924(e)(1). Mr. Williams was sentenced to 293 months of incarceration (more than 24 years) and says that his sentence should have been capped at 10 years (120 months), because he did not have three prior convictions for a violent felony or a serious drug offense as required for the enhanced sentence.
While the Constitution permits sentencing courts “wide discretion in determining what sentence to impose,” United States v. Tucker, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972), it is clear that “the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause,” Gardner v. Florida, 430 U.S. 349, 358, 97 S.Ct. 1197, 1204, 51 L.Ed.2d 393 (1977) (plurality opinion). If Mr. Williams was wrongly convicted of being an armed career criminal because of an error of law, his sentence is unconstitutional. It certainly must be true that if a defendant is sentenced to more than the maximum term authorized by law, he has been deprived of due process. The Supreme Court has held that a federal defendant has a “constitutional right to be deprived of liberty as punishment for criminal conduct only to the extent authorized by Congress.” Whalen v. United States, 445 U.S. 684, 690, 100 S.Ct. 1432, 1437, 63 L.Ed.2d 715 (1980).
The majority says that we do not have jurisdiction to consider Mr. Williams’s claim because he has already filed more than the one habeas action he is permitted by law. In doing so, the majority recognizes that the so-called “savings clause,” 28 U.S.C. § 2255(e) (2006), allows for a second or successive habeas claim where a prisoner has already asked for habeas, if the remedy he received “is inadequate or ineffective to test the legality of his detention.” Id. However, the majority says that Mr. Williams is not now entitled to the relief offered by § 2255’s saving clause because he “cannot show that this Circuit’s law foreclosed him from raising an objection to the treatment of his two Florida *1351 burglary convictions as violent felonies under the ACCA.” Majority Op. at 1344. I cannot agree that this is a sufficient reason to conclude that the savings clause does not apply to Mr. Williams’s case.
The majority is quite right when it concludes that Gilbert expressly declined to decide the issue presented by Mr. Williams’s case — -whether “the savings clause in § 2255(e) would permit a prisoner to bring a § 2241 petition claiming that he was sentenced to a term of imprisonment exceeding the statutory maximum.” Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir.2011) (en banc). However, the majority misreads our precedent when it says that Mr. Williams, or any other petitioner sentenced to more time than the statute permits, must satisfy Wofford’s three-part test before he is entitled to the protection of the savings clause of § ’2255.[2] Majority Op. at 1342-44. Setting aside for the moment the constitutional concerns, a straightforward reading of Wofford and Gilbert demonstrates that Wofford’s threshold test is dicta that does not apply to someone serving a sentence beyond what the statute allows.
In contrast to Mr. Williams, Mr. Wof-ford did not claim that he was sentenced above the statutory maximum. In fact he was not. Mr. Wofford was indicted for “conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, possession of a firearm in relation to a drug trafficking crime, and being a felon in possession of a firearm.” Wofford, 177 F.3d at 1237. He “pleaded guilty to the conspiracy and felon in possession of a firearm counts.... [and] was subsequently sentenced to a 300-month term of incarceration on the conspiracy count and a concurrent 60-month term of incarceration on the felon in possession of a firearm count.” Id. Obviously, a 60-month concurrent term of incarceration does not exceed the 10 year statutory maximum for being a felon in possession of a firearm. See 18 U.S.C. §§ 922(g)(1), 924(a)(2). Since this court’s Wofford opinion did not address a claim that a petitioner’s sentence was above the statutory maximum, anything it said about this type of claim is dicta. It is well established that a decision of this Court cannot extend further than the facts and circumstances of the case in which it arises. See, e.g., Watts v. BellSouth Telecomms., Inc., 316 F.3d 1203, 1207 (11th Cir.2003) (“Whatever their opinions say, judicial decisions cannot make law beyond the facts of the cases in which those decisions are announced.”); United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir.2000); United States v. Eggersdorf, 126 F.3d 1318, 1322 n. 4 (11th Cir.1997). Wofford’s dicta therefore cannot constrain our analysis of a case in which a prisoner sits in prison beyond the time the statute allows. Gilbert itself confirms this.
In Gilbert, this Court held that “the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim ... that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum.” 640 F.3d at 1323. Neither party to Mr. Williams’s appeal disputes *1352 that Gilbert expressly did not “decide if the savings clause in § 2255(e) would permit a prisoner to bring a § 2241 petition claiming that he was sentenced to a term of imprisonment exceeding the statutory maximum.” Id. Thus, Gilbert made clear that the holding in Wofford was limited to sentencing claims other than those like the one Mr. Williams asserts here.
Gilbert explained that “Bailey actual innocence claims are what the Wofford panel had in mind when it stated that the savings clause would permit a prisoner to bring a § 2241 petition claiming that a retroactively applicable, circuit law-busting decision of the Supreme Court established that he had been convicted of a nonexistent crime.” Id. at 1319 (citing Wofford, 177 F.3d at 1242-45). The en banc court clarified “[t]hat statement was, however, only dicta because all of Wofford’s claims were sentencing claims, ‘none of which rested upon a circuit law-busting, retroactively applicable Supreme Court decision.’ ” Id. (alterations omitted) (citing Wofford, 177 F.3d at 1245) (emphasis added). Gilbert made clear that the actual holding of Wofford “is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings.” Id. (citing Wofford, 177 F.3d at 1244-45)
Indeed, the Gilbert opinion expressly acknowledged that “[t]he Wofford opinion also contains dicta that the savings clause ‘may conceivably’ apply to some sentencing claims in some circumstances where there has been a fundamental defect in sentencing that the prisoner had no opportunity to have corrected before the end of his § 2255 proceeding.” Id. at 1319 n. 20 (emphasis added). The Gilbert en banc majority speculated that the Wofford panel “may have had in mind ... pure Begay errors, by which we mean errors in the application of the ‘violent felony’ enhancement as defined in 18 U.S.C. § 924(e)(2)(B), resulting in a higher statutory minimum and maximum sentence under § 924(e).” Id. The Gilbert court acknowledged that “[a] Begay error in the classification of a prior conviction that was used to impose an enhanced sentence under § 924(e) would necessarily have resulted in the defendant being sentenced to a term of imprisonment that exceeded what would have been the statutory maximum without the error.” Id. Based on this, Gilbert observed that “a pure Begay error would fit within the government’s concession that the savings clause applies to errors that resulted in a sentence beyond the statutory maximum that would have applied but for the error.” Id. However, because Mr. Gilbert claimed only that he was wrongly classified as a career offender under the Guidelines, the en banc court concluded “we have no occasion to decide whether what the Wofford dicta conceived might be the law, and what the government concedes should be the law, is actually the law.” Id.
In putting Wofford to the use it does, the majority also ignores an earlier panel of this court which held that Wofford’s threshold test does not apply to a defendant raising a pure Begay error. Not long ago, that panel observed that, “[sjitting en banc ... we recently retreated from the purported three-factor test enumerated in Wofford, calling it ‘only dicta,’ and explaining that ‘[t]he actual holding of the Wof-ford decision ... is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings.’ ” Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir.2013).
Given that Wofford’s threshold test is dicta, at least as it relates to sentences imposed above the statutory maximum, it is not binding on this panel. Therefore, I dissent from the majority’s application of *1353 that test to conclude that this Court lacks jurisdiction to consider a claim that a defendant was sentenced above the maximum authorized by Congress. By applying Wofford’s threshold test to Mr. Williams’s pure Begay error claim, the majority is asking and answering the wrong jurisdictional question. The correct question to ask is whether Mr. Williams was erroneously sentenced as an armed career criminal in light of Begay. If he was, the federal courts never had jurisdiction to sentence him above the 10 year maximum allowed by law. The existence or nonexistence of circuit precedent which conflicts with Begay cannot operate to confer jurisdiction on this Court. Neither can it decide the question of whether § 2255 is inadequate or ineffective.
Nevertheless, the majority is not willing here to examine the merits of Mr. Williams’s claim that he was sentenced to more time than allowed by the statute because he cannot identify preexisting precedent from this Court that foreclosed his claim that he was wrongly classified as an armed career criminal at the time of his direct appeal or initial § 2255 motion. Majority Op. at 1343-44. But again, the preexistence or nonexistence of circuit precedent has no bearing on the fundamental defect in a defendant’s armed career criminal classification once a retroactively applicable Supreme Court decision demonstrates that the defendant was sentenced to longer than the statute allows. If Mr. Williams is right, and Begay establishes that two of his Florida burglaries do not count as “violent felonies” under the ACCA, then Mr. Williams was never an armed career criminal. Begay did not change the meaning of the ACCA that may have prevailed in this Court or the district courts, but instead provided “an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction.” Rivers v. Roadway Express, Inc., 511 U.S. 298, 312-13 & n. 12, 114 S.Ct. 1510, 1519 & n. 12, 128 L.Ed.2d 274 (1994); see also Bunkley v. Florida, 538 U.S. 835, 840-42, 123 S.Ct. 2020, 2022-24, 155 L.Ed.2d 1046 (2003); Fiore v. White, 531 U.S. 225, 226, 121 S.Ct. 712, 713, 148 L.Ed.2d 629 (2001) (holding a defendant’s conviction and continued incarceration violates due process where it is based on conduct that a criminal statute, as properly interpreted, does not prohibit). The issue is not whether Mr. Williams may no longer be considered an armed career criminal, but rather whether he was ever an armed career criminal to begin with. If Mr. Williams can show that he was never an armed career criminal in light of Begay, then his continued incarceration violates due process and § 2255 is “inadequate or ineffective to test the legality of his detention.” 28 U.S.C. § 2255(e).
I certainly accept that “the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review” for claims of sentencing error where a defendant is serving a sentence below the term of imprisonment allowed by the statute. Gilbert, 640 F.3d at 1312. But concerns about finality do not trump the principle that “a defendant may not receive a greater sentence than the legislature has authorized.” United States v. DiFrancesco, 449 U.S. 117, 139, 101 S.Ct. 426, 438, 66 L.Ed.2d 328 (1980); see also United States v. Bushert, 997 F.2d 1343, 1350 n. 18 (11th Cir.1993) (“It is both axiomatic and jurisdictional that a court of the United States may not impose a penalty for a crime beyond that which is authorized by statute.”).
For us to sanction the incarceration of a prisoner for a period longer than Congress has authorized violates important separation-of-powers principles. “[T]he power of punishment is vested in the legislative, not in the judicial, department,” and “[i]t is the *1354 legislature, not the Court, which is to ... ordain [the] punishment.” United States v. Wiltberger, 18 U.S. (5 Wheat.) 76, 95, 5 L.Ed. 37 (1820). Indeed, a sentence beyond the maximum provided by law is void because federal courts have no authority to impose a punishment that the legislature has not authorized it to impose. See Chapman v. United States, 500 U.S. 453, 465, 111 S.Ct. 1919, 1927, 114 L.Ed.2d 524 (1991) (holding that a defendant is “eligible for, and the court may impose, whatever punishment is authorized by statute for his offense”); see also Harmelin v. Michigan, 501 U.S. 957, 975, 111 S.Ct. 2680, 2691, 115 L.Ed.2d 836 (1991) (Scalia, J.) (“There were no common-law punishments in the federal system....”); Jones v. Thomas, 491 U.S. 376, 383, 109 S.Ct. 2522, 2526, 105 L.Ed.2d 322 (1989) (explaining that the federal habeas petitioner in Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874), was entitled to habeas relief because his sentence of imprisonment and a fine “obviously exceeded that authorized by the legislature” where the crime that he was convicted of carried a punishment of imprisonment or a fine). Cf. United States v. Bass, 404 U.S. 336, 348, 92 S.Ct. 515, 523, 30 L.Ed.2d 488 (1971) (noting “the instinctive distastes against men languishing in prison unless the lawmaker has clearly said they should”) (quotation marks omitted).
At the time Mr. Williams filed his first § 2255 motion — long before Begay authoritatively interpreted § 924(e)(2)(B) — he claimed he was not properly sentenced as an armed career criminal because his convictions for burglary under Florida law were not “violent felon[ies]” as that term is used in the ACCA. Thus, although the majority says there was no binding circuit precedent foreclosing Mr. Williams’s claim on direct appeal or in his first § 2255 petition, he has certainly been treated as though there was. Indeed, to see that his argument was foreclosed, we need look no further than the fact that our Court denied Mr. Williams a certificate of appealability (COA) when he raised the issue of whether his prior convictions qualified as predicate offenses for 18 U.S.C. § 924(e) in his first § 2255 petition for habeas relief.[3] Williams v. United States, No. 03-15325 (11th Cir. Jan. 27, 2004). In doing so, we certainly appeared to endorse the District Court’s conclusion that his claim was without “factual or legal support.”[4] Williams v. United States, No. 1:00-cv-02452 (S.D.Fla. Jan. 29, 2003) (adopting the Magistrate Judge’s Report and Recommendation “in its entirety,” and denying Mr. Williams’s § 2255 petition). We then went on to deny Mr. Williams’s motion for reconsideration of this argument. Williams v. United States, No. 03-15325 (11th Cir. Mar. 23, 2004). And now in this iteration of Mr. Williams’s attempts to have us consider whether he is serving a sentence beyond that allowed by law, the majority *1355 imposes a new hurdle, grasped from Wof-ford, which never ruled on this type of claim. Since Begay was decided by the United States Supreme Court no court has ever evaluated Mr. Williams’s prior convictions under the standards it announced.
As the majority has recognized — and both the government and Mr. Williams agree — the District Court was mistaken when it concluded that Mr. Williams was “foreclosed from challenging his sentence ... using 28 U.S.C. § 2255(e)’s savings clause” by this Court’s decision in Gilbert. Doc. 24 at 2. Insofar as the issue he now raises was not decided by this Court in Gilbert, I would reverse the District Court’s order and remand for consideration (for the first time) of the question of whether Mr. Williams’s 1989 and 1990 Florida burglary convictions are violent felonies under the ACCA’s residual clause, and under the analysis provided in Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008). See Okong-wu v. Reno, 229 F.3d 1327, 1330-31 (11th Cir.2000) (remanding case for consideration of issues not reached where the District Court improperly dismissed for lack of jurisdiction). If Mr. Williams can demonstrate to the District Court that he was erroneously classified as an armed career criminal, he is entitled to habeas relief under § 2241.
For these reasons, I respectfully dissent.
[[Image here]]
*1356 [[Image here]]

. I have attached a chart delineating each of Mr. Williams's attempts to attack his sentence, as well as the treatment he got from both the trial court in the district where he filed and our Court.

. The majority refers to Wofford's three-factor test as dicta, see Majority Op. at 1343-44, but nonetheless insists that Wofford's test survives in the form of "two necessary conditions.” I can in no way distinguish the majority's "two necessary conditions” from Wofford's three-factor test. This Court has been clear that what Wofford actually held was "the savings clause does not cover sentence claims that could have been raised in earlier proceedings.” Gilbert, 640 F.3d at 1319. As I see it, Mr. Williams's case does not present a "sentence claim” but rather a claim that his continued detention violates the statute under which it was imposed.

. He raised this issue in the context of an ineffective assistance of counsel claim — i.e., his lawyer was ineffective for failing to argue that his prior burglary convictions did not qualify as predicate offenses for 18 U.S.C. § 924(e).

. Given that neither the District Court nor this Court viewed any of Mr. Williams’s § 2255 claims as sufficient to satisfy the low threshold for obtaining a COA, it seems odd to say that his claims were not previously foreclosed. The well-worn standard for ob-taming a COA under 28 U.S.C. § 2253(c)(2), is that "a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that ... includes showing that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.” Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (quotation marks omitted).