## FIORE *v.* WHITE, WARDEN, ET AL.

No. 98–942.   Argued October 12, 1999—Question certified November 30,
1999—Decided January 9, 2001

After the Pennsylvania Supreme Court's response to the certified question, supplemental briefs were filed by *James Brandon Lieber* and *Harold Gondelman,* for petitioner, and

by *D. Michael Fisher,* Attorney General of Pennsylvania, *Robert A. Graci,* Assistant Executive Deputy Attorney General, and *Andrea F. McKenna,* Senior Deputy Attorney General, for respondents.

PER CURIAM.

Petitioner, William Fiore, was convicted of violating a Pennsylvania statute prohibiting the operation of a hazardous waste facility without a permit. After Fiore's conviction became final, the Pennsylvania Supreme Court interpreted the statute for the first time, and made clear that Fiore's conduct was not within its scope. However, the Pennsylvania courts refused to grant Fiore collateral relief. We granted certiorari in part to decide when, or whether, the Federal Due Process Clause requires a State to apply a new interpretation of a state criminal statute retroactively to cases on collateral review.

In order to determine if that question was in fact presented, we asked the Pennsylvania Supreme Court whether its decision interpreting the statute not to apply to conduct like Fiore's was a new interpretation, or whether it was, instead, a correct statement of the law when Fiore's conviction became final. The Pennsylvania Supreme Court, responding to our certified question, has now made clear that retroactivity is not at issue. At the same time, that court's interpretation of its statute makes clear that Fiore did not violate the statute. We consequently find that his conviction is not consistent with the demands of the Federal Due Process Clause. See *Jackson* v. *Virginia,* 443 U. S. 307, 316 (1979).

I

This case, previously described in greater detail in our opinion certifying the state-law question to the Pennsylvania Supreme Court, 528 U. S. 23 (1999), arises out of William Fiore's conviction under a Pennsylvania statute that prohibits "operat[ing] a hazardous waste" facility without a "per-

mit." Pa. Stat. Ann., Tit. 35, § 6018.401(a) (Purdon 1993); see *Commonwealth* v. *Fiore*, CC No. 8508740 (Ct. Common Pleas, Allegheny Cty., Pa., Jan. 19, 1988), App. 6. The Commonwealth conceded that Fiore in fact had a permit, but argued that Fiore had deviated so dramatically from the permit's terms that he nonetheless had violated the statute. And the Commonwealth's lower courts agreed. See *id.*, at 43–44; *Commonwealth* v. *Fiore*, 391 Pa. Super. 634, 563 A. 2d 189 (1989) (affirming Fiore's conviction on the trial court's reasoning).

The Pennsylvania Supreme Court declined to review Fiore's case, *Commonwealth* v. *Fiore*, 525 Pa. 577, 575 A. 2d 109 (1990), and his conviction became final. Thereafter, the Pennsylvania Supreme Court agreed to review the conviction of Fiore's co-defendant, David Scarpone, convicted of the same crime at the same time. The Supreme Court reversed Scarpone's conviction on the ground that the statute meant what it said: The statute made it unlawful to operate a facility *without* a permit; one who deviated from his permit's terms was not a person *without* a permit; hence, a person who deviated from his permit's terms did not violate the statute. *Commonwealth* v. *Scarpone*, 535 Pa. 273, 279, 634 A. 2d 1109, 1112 (1993) (describing the Commonwealth's interpretation as "a bald fiction we cannot endorse").

Fiore, unsuccessful in his subsequent state-court attempts to have his own conviction set aside, see *Commonwealth* v. *Fiore*, 445 Pa. Super. 401, 665 A. 2d 1185 (1995), appeal denied, *Commonwealth* v. *Fiore*, 544 Pa. 623, 675 A. 2d 1243 (1996), brought a federal habeas corpus action. The District Court granted the writ, but the Court of Appeals for the Third Circuit reversed. 149 F. 3d 221 (1998). The Court of Appeals believed that the Pennsylvania Supreme Court, in Scarpone's case, had announced a new rule of law, inapplicable to Fiore's already final conviction. *Id.*, at 227. And, the Court of Appeals said, "state courts are under no [federal] constitutional obligation to apply their decisions retroac-

tively." *Id.*, at 222. We granted certiorari to determine whether Fiore's conviction was inconsistent with the Due Process Clause. 526 U. S. 1038 (1999).

## II

Because we were uncertain whether the Pennsylvania Supreme Court's decision in Scarpone's case represented a change in the law of Pennsylvania, we certified the following question to that court:

> "Does the interpretation of Pa. Stat. Ann., Tit. 35, § 6018.401(a) (Purdon 1993), set forth in *Commonwealth v. Scarpone,* 535 Pa. 273, 279, 634 A. 2d 1109, 1112 (1993), state the correct interpretation of the law of Pennsylvania at the date Fiore's conviction became final?" 528 U. S., at 29.

We received the following reply:

> "*Scarpone* did not announce a new rule of law. Our ruling merely clarified the plain language of the statute. . . . Our interpretation of [§ 6018.401(a)] in *Scarpone* furnishes the proper statement of law at the date Fiore's conviction became final." *Fiore* v. *White,* 562 Pa. 634, 646, 757 A. 2d 842, 848–849 (2000) (citation omitted).

The Pennsylvania Supreme Court's reply specifies that the interpretation of § 6018.401(a) set out in *Scarpone* "merely clarified" the statute and was the law of Pennsylvania—as properly interpreted—at the time of Fiore's conviction. Because *Scarpone* was not new law, this case presents no issue of retroactivity. Rather, the question is simply whether Pennsylvania can, consistently with the Federal Due Process Clause, convict Fiore for conduct that its criminal statute, as properly interpreted, does not prohibit.

This Court's precedents make clear that Fiore's conviction and continued incarceration on this charge violate due process. We have held that the Due Process Clause of the Four-

teenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt. See *Jackson,* 443 U. S., at 316; *In re Winship,* 397 U. S. 358, 364 (1970). In this case, failure to possess a permit is a basic element of the crime of which Fiore was convicted. *Scarpone, supra,* at 279, 634 A. 2d, at 1112. And the parties agree that the Commonwealth presented no evidence whatsoever to prove that basic element. To the contrary, the Commonwealth, conceding that Fiore did possess a permit, see Brief for Respondents 1, necessarily concedes that it did not prove he failed to possess one.

The simple, inevitable conclusion is that Fiore's conviction fails to satisfy the Federal Constitution's demands. We therefore reverse the contrary judgment of the Third Circuit and remand this case for proceedings consistent with this opinion.

*So ordered.*