[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal from a Clinton County Court of Common Pleas decision denying appellant's petition for postconviction relief.[1]
In his assignment of error, appellant insists that the trial court erred by dismissing his successive petition for postconviction relief. Appellant contends that he is entitled to postconviction relief under R.C. 2953.23(A)(1)(b) and (2).[2] Appellant argues that the United States Supreme Court, in Fiore v. White (2001), 531 U.S. 225,121 S.Ct. 712, created a new federal right that is to be applied retroactively. Appellant concludes that applying the precedent of Fiore, his conviction should be reviewed and possibly reversed following the Ohio Supreme Court's interpretation of the felonious assault statute in State v.Brooks (1989), 44 Ohio St.3d 185.
The assignment of error is overruled for reason that appellant has not demonstrated that in Fiore, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in appellant's situation. Therefore, we find that appellant has failed to meet the requirements of R.C. 2953.23 and has not shown that he is entitled to postconviction relief.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
ANTHONY VALEN, Judge, and STEPHEN W. POWELL, Judge, concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.
[2] R.C. 2953.23 states:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
(a) * * *
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.