IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 25, 2002

## JAMES E. SWIGGETT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Greene County**
**No. 02CR001      James E. Beckner, Judge**

---

**No. E2002-00174-CCA-R3-PC**
**October 15, 2002**

---

The Defendant, James E. Swiggett, was convicted by a jury in 1992 of first degree premeditated murder. His conviction was affirmed on direct appeal. See State v. James Swiggett, No. 03C01-9209-CR-00312, 1994 Tenn. Crim. App. LEXIS 766 (Knoxville, Nov. 23, 1994), perm. appeal den. (Tenn. 1995). The Defendant subsequently filed for post-conviction relief, which petition was denied by the trial court as barred by the statute of limitations. This ruling was affirmed on direct appeal. See James E. Swiggett v. State, No. 03C01-9804-CR-00161, 1999 Tenn. Crim. App. LEXIS 422 (Knoxville, May 4, 1999), perm. appeal den. (Tenn. 1999). The Defendant then filed the instant petition for post-conviction relief, claiming grounds for tolling the statute of limitations. The trial court summarily dismissed the instant petition on the grounds that a prior petition had already been filed. This appeal followed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

James E. Swiggett, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; and C. Berkeley Bell, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant asserts as grounds for post-conviction relief that he has newly discovered evidence; that his indictment was unconstitutional; and that his jury instructions were unconstitutional.[1] We first note that this petition was filed on January 4, 2002, more than six years after the supreme court denied the Defendant permission to appeal from his conviction. The statute

---

[1]The record before us contains no description of the allegedly newly discovered evidence, no copy of the allegedly unconstitutional indictment, and no copy of the allegedly unconstitutional jury instructions.

of limitations for post-conviction relief in this case expired on May 10, 1996. <u>See</u> Tenn. Code Ann. § 40-30-201, Compiler's Notes (1997).[2]

The trial court summarily dismissed the instant petition on the basis of Tennessee Code Annotated section 40-30-202(c), which provides in pertinent part that, "[i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." However, the section provides for the summary dismissal of additional post-conviction petitions only where the prior petition "was resolved on the merits by a court of competent jurisdiction." <u>Id.</u> The Defendant's prior petition was not resolved on the merits but was dismissed as time-barred. Accordingly, the trial court erred by summarily dismissing the instant petition on the grounds set forth.

Nevertheless, the instant petition is subject to summary dismissal on the grounds that it is time-barred. As set forth above, the limitations period for the filing of post-conviction claims in the Defendant's case expired in 1996. Tennessee Code Annotated section 40-30-202(a) provides in pertinent part that

> [t]he statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

The Defendant contends that the instant petition meets the exception provided in subsection (b)(1):

> The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial.

---

[2]Our supreme court denied permission to appeal from the Defendant's original conviction on March 27, 1995. <u>See</u> <u>State v. James Swiggett</u>, No. 03C01-9209-CR-00312, 1995 Tenn. LEXIS 152 (Knoxville, Mar. 27, 1995).

Tenn. Code Ann. § 40-30-202(b)(1).  The gist of the Defendant's argument is that, in Fiore v. White, 531 U.S. 225, 121 S. Ct. 712, 148 L. Ed. 2d 629 (2001), the United States Supreme Court created a constitutional right not previously recognized:  that a state court's recent interpretation of prior law must be retroactively applied.  We conclude, however, that the Defendant misapprehends the holding of Fiore.

In Fiore, the defendant had been convicted by a Pennsylvania state court of operating a hazardous waste facility without a permit.  After the defendant's conviction had become final, Pennsylvania's supreme court interpreted the relevant statute for the first time and "made clear that Fiore's conduct was not within its scope."  Id., 531 U.S. at 226.  Nevertheless, Pennsylvania's courts refused to grant Fiore collateral relief.  Upon query by the Supreme Court, the Pennsylvania Supreme Court indicated that its interpretation of the statute was not a new interpretation, but rather a correct statement of the law at the time Fiore's conviction became final.  The United States Supreme Court set forth the issue before it as "whether Pennsylvania can, consistently with the Federal Due Process Clause, convict Fiore for conduct that its criminal statute, as properly interpreted, does not prohibit[?]"  Id., 531 U.S. at 228.  The Supreme Court held that it could not.  See id., 531 U.S. at 228-29.

The holding of Fiore, in a nutshell, is that when a defendant is convicted of violating a statute which is eventually determined not to ban the conduct in which the defendant engaged, the defendant's conviction cannot withstand a federal due process challenge.  Fiore does not apply to the Defendant's case.  The Defendant's complaint is not that he was convicted of murder based on conduct that was later recognized as not constituting murder, but that his indictment and jury instructions did not sufficiently differentiate the terms "premeditation" and "deliberation."  The Defendant relies on State v. Brown, 836 S.W.2d 530 (Tenn. 1992), which addressed the propriety of the jury instruction "premeditation may be formed in an instant," and determined that it should be abandoned as potentially confusing.  See id. at 543.

However, our supreme court has since held that "Brown did not announce a new state constitutional rule, did not implicate any constitutional right, is not retroactive, and may not serve as the basis for post-conviction relief."  Miller v. State, 54 S.W.3d 743, 744 (Tenn. 2001).  Contrary to the Defendant's assertions, Fiore does not create a new constitutional right requiring this Court to reexamine the Defendant's indictment and jury instructions in light of Brown.  Accordingly, Fiore does not provide the Defendant relief from the application of the statute of limitations to his post-conviction claims.

Furthermore, although the Defendant refers in his petition to "newly discovered evidence," this allegation is completely unsupported by any assertions of fact.  Cf. Tenn. Code Ann. § 40-30-204(e) (requiring a post-conviction petitioner to "include allegations of fact supporting each claim for relief set forth in the petition").  Moreover, the Defendant's bare assertion does not rise to the level of new evidence required to toll the statute of limitations.  See id. § 40-30-202(b)(2) ("[n]o court shall have jurisdiction to consider a petition filed after [the statute of limitations has expired]

-3-

unless: [t]he claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted.")

In short, the Defendant has offered no grounds upon which the statute of limitations governing his post-conviction petition may be tolled, and this issue is therefore without merit.

We note that the Defendant styled his pleading in the alternative as a writ of error coram nobis. Although the trial court did not specifically address the Defendant's claim as a writ of error coram nobis, we conclude that the Defendant's claim for relief upon this ground is also time-barred, because it was not filed within one year of the date on which the judgment of conviction became final in the trial court. See Tenn. Code Ann. §§ 40-26-105; 27-7-103; State v. Mixon, 983 S.W.2d 661, 670 (Tenn. 1999). Nor has the Defendant alleged grounds sufficient to toll the running of the statute of limitations upon principles of due process. Cf. Workman v. State, 41 S.W.3d 100, 101 (Tenn. 2001) (due process concerns may justify tolling the limitations period applicable to writs of error coram nobis where "newly discovered evidence may prove that the defendant is actually innocent of the capital crime of which he was convicted.") In short, the Defendant's claims are time-barred, no matter how he chooses to style them.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE