IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41250
Conference Calendar
_____

ELBERT DOUGLAS, JR.,

                                        Petitioner-Appellant,

versus

ERNEST V. CHANDLER, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-540
--------------------
December 11, 2002

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:[*]

    Elbert Douglas, Jr., federal prisoner # 23814-077, appeals
from the dismissal of his 28 U.S.C. § 2241 petition.  Douglas
argues that the indictment and sentence in his case violated
Fiore v. White, 531 U.S. 225 (2001), and Apprendi v. New Jersey,
530 U.S. 466 (2000), and that the "savings clause" of 28 U.S.C.
§ 2255 applies to allow him to pursue 28 U.S.C. § 2241 relief.

    Fiore did not announce a new rule of law; therefore
retroactivity is not at issue, nor does this case establish that

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Douglas was convicted of conduct which does not constitute a crime. Additionally, any claim by Douglas based on Fiore was *not* "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first [28 U.S.C.] § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Apprendi does not apply retroactively to cases on collateral review and does not establish that Douglas was convicted of a nonexistent offense. Wesson v. U.S. Penitentiary, 305 F.3d 343, 347 (5th Cir. 2002). Douglas cannot make a showing sufficient to invoke the "savings clause" of 28 U.S.C. § 2255 to pursue 28 U.S.C. § 2241 relief. Id.

AFFIRMED.