**Frances L. DIAZ, Petitioner–Appellant,**

v.

**Lee BACA, Sheriff; et al.,
Respondents–Appellees.**

**No. 04–56652.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2006.

Filed Nov. 2, 2006.

Andrew E. Rubin, Esq., Los Angeles, CA, for Petitioner–Appellant.

George H. Williamson, Office of the California Attorney General (LA), Los Angeles, CA, Brenda L. McCormick, Esq., Benton, Orr, Duval & Buckingham, Ventura, CA, for Respondents–Appellees.

Before: HALL, McKEOWN, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Frances L. Diaz appeals the district court's denial of her petition for a writ of habeas corpus. Diaz is an attorney who was included in a judgment awarding attorneys' fees and costs to her client's opponent pursuant to California's anti-SLAPP statute, Cal.Civ.Proc.Code § 425.16. Diaz failed to pay the judgment and refused to submit to a judgment debtor exam, for which the trial court held her in contempt, ordering her to pay additional fees. When Diaz failed to pay the fees the court again found her in contempt and sentenced her

to serve three days in jail. This appeal arises under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides for habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). Because the California court's decision did not involve an unreasonable application of federal law or violate Diaz's federal due process rights, we affirm.

■ Diaz contends that her due process rights were violated when the trial court shifted the burden of proof of an element of the offense and required her to prove her inability to comply with the court's contempt order. "[T]he Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt." *Fiore v. White*, 531 U.S. 225, 228–29, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001) (citing *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). However, the Supreme Court has held that whether ability to comply is an element of contempt or an affirmative defense is a matter of state law. *Hicks v. Feiock*, 485 U.S. 624, 629–30 & n. 3, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988). In several recent family law cases, mainly involving failure to comply with child support orders, California courts have found that ability to comply is not an element of contempt, but rather an affirmative defense. *Moss v. Superior Court*, 17 Cal.4th 396, 425, 71 Cal.Rptr.2d 215, 950 P.2d 59 (1998); *In re Ivey*, 85 Cal.App.4th 793, 798, 102 Cal.Rptr.2d 447 (Cal.Ct.App.2000). We may grant habeas relief only if the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

California court's application of state law violated Diaz's federal due process rights. *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The California court's determination that Diaz's ability to comply was an affirmative defense rather than an element of contempt did not amount to a violation of the Due Process Clause of the Fourteenth Amendment. Accordingly, the state court decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law," as required by § 2254(d)(1).

■ Diaz also argues that insufficient evidence supported the Superior Court's finding that she was in contempt of a valid court order. As a federal court in a habeas proceeding, we may not grant relief on the basis that a state court misinterpreted or misapplied state law. *Estelle*, 502 U.S. at 67–68, 112 S.Ct. 475. However, we may grant relief if the state court's interpretation of California's anti-SLAPP statute amounted to a federal due process violation. *See* § 2254(d)(1). We hold that the state court's interpretation of California's anti-SLAPP statute did not violate the Due Process Clause of the Fourteenth Amendment. Diaz's citation to *Spallone v. United States*, 493 U.S. 265, 110 S.Ct. 625, 107 L.Ed.2d 644 (1990) is inapposite. In *Spallone*, the Supreme Court relied on considerations arising out of the legislative immunity doctrine to shield individual city council members from liability. *Id.* at 278–80, 110 S.Ct. 625.

■ Diaz further argues that her Sixth Amendment right to counsel was violated during the April 2003 contempt proceedings. A defendant may waive her right to counsel and represent herself, but must do so knowingly and intelligently. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Specifically, we require that the defendant be made aware of the nature of the charges against her, the possible penalties, and the dangers and disadvantages of self-representation. *United States v. Akins*, 276 F.3d 1141, 1146 (9th Cir.2002) (as amended). The trial court must look to the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused, to determine whether the waiver was knowing and intelligent. *United States v. Kimmel*, 672 F.2d 720, 722 (9th Cir.1982). At the outset of the proceedings, the trial court articulated the criminal nature of the charges against Diaz and outlined the possible penalties, which included jail time. Moreover, at the beginning of Diaz's contempt hearing, she stated that she had "been advised by counsel," and that "I am here to defend myself on a contempt charge." After a recess, Diaz again announced her presence as "Frances Diaz appearing for Frances Diaz" and testified on her own behalf under questioning from the court. Diaz attempted to reassert her right to counsel only after she had given sworn testimony, been cross-examined, and cross-examined a witness. Diaz was a licensed attorney who had been involved in multiple trials, was adequately warned by the court of the dangers of self-representation, and actively participated in her own representation. Thus, the trial court's denial of the request to stay the proceedings did not violate Diaz's Sixth Amendment rights; nor was the denial objectively unreasonable under federal law.

**AFFIRMED.**