FILED

JAN 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERIC DAVID HOFFERT,

          Petitioner - Appellant,

   v.

CHARLES L. RYAN and STATE OF
ARIZONA ATTORNEY GENERAL,

          Respondents - Appellees.

No. 09-17536

D.C. No. 2:08-cv-01268-JWS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Submitted January 17, 2012[**]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

    Arizona state prisoner Eric David Hoffert appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. Appellant. P. 34(a)(2).

Hoffert contends that his due process rights were violated because he was convicted for conduct not prohibited by Arizona law. Specifically, he contends that Arizona Revised Statute § 13-1304(A) requires the state to prove that Hoffert possessed the intent to commit a sexual offense at the time that he initially restrained the victim or, at the latest, prior to his departure from the state. There is no convincing evidence that the Arizona Supreme Court would have rejected the Court of Appeals' interpretation. *See In re Watts*, 298 F.3d 1077, 1082 (9th Cir. 2002). Accordingly, the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Fiore v. White*, 531 U.S. 225, 228-29 (2001) (per curiam) (due process clause forbids a state to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt).

**AFFIRMED.**