UNITED STATES of America, Appellee

v.

Dorothy Maju HENRY, Appellant.

No. 14–3021.

United States Court of Appeals,
District of Columbia Circuit.

June 22, 2015.

Michael Alan Rotker, U.S. Department of Justice, Elizabeth Trosman, Esquire, U.S. Attorney's Office, Washington, DC, for Appellee.

Dorothy Maju Henry, Aliceville, AL, pro se.

Warden, Aliceville, AL, for Appellant.

BEFORE: GRIFFITH, SRINIVASAN, and PILLARD, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and the supplemental pleading filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed February 28, 2014, be affirmed. Appellant has waived or forfeited any claim that she is entitled to relief under 18 U.S.C. § 3582(c) or coram nobis relief. *See, e.g., Evans v. Sebelius,* 716 F.3d 617, 619 (D.C.Cir.2013). Moreover, the district court correctly held that, if construed as a filing under 28 U.S.C. § 2255, appellant's motion—her second—would be procedurally barred because this court had not certified that it met the requirements of 28 U.S.C. § 2255(h). Furthermore, to the extent that appellant seeks habeas corpus relief under 28 U.S.C. § 2241 by way of 28 U.S.C. § 2255(e) on the ground that her remedy by motion under § 2255 is inadequate or ineffective in light of, for example, *Fiore v. White,* 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001) (per curiam), and *Bunkley v. Florida,* 538 U.S. 835, 123 S.Ct. 2020, 155 L.Ed.2d 1046 (2003) (per curiam), she must file any habeas corpus petition in the district in which she is incarcerated. *See, e.g., Rumsfeld v. Padilla,* 542 U.S. 426, 442, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *Stokes v. United States Parole Commission,* 374 F.3d 1235, 1238–39 (D.C.Cir.2004). It is

**FURTHER ORDERED** that appellant be denied leave to file a second or successive § 2255 motion, as she has not shown that her motion is based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2255(h).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc concerning the affirmance of the district court's order. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.