# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andre Ellison,                          :
                                        :
                    Petitioner          :
                                        :
             v.                         :  No. 1080 C.D. 2020
                                        :  Submitted: March 12, 2021
SEPTA (Workers' Compensation            :
Appeal Board),                          :
                                        :
                    Respondent          :


BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  August 20, 2021


          Andre Ellison (Claimant) petitions for review of the order of the
Workers' Compensation Appeal Board (Board) affirming the decision of a workers'
compensation judge (WCJ), which granted Claimant's petition to reinstate disability
benefits in part, and reinstated benefits as of July 18, 2017, pursuant to the Workers'
Compensation Act (Act).[1]  We affirm.

          The facts and history of this case, based on the findings of the WCJ,
may be summarized as follows.  On February 11, 1998, Claimant sustained an injury
while in the course and scope of his employment with SEPTA (Employer).  On

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

March 11, 1998, Employer issued a Notice of Temporary Compensation Payable, which accepted Claimant's work-related injury in the nature of a "lumbar strain/sprain." Following a series of filings and petitions by both parties, ultimately, on November 19, 2007, a WCJ issued a decision granting Claimant's Review Petition and amended a Notice of Compensation Payable to include two surgeries performed on Claimant's accepted work-related disc herniation injury at L4-5 and L5-S1; granting Claimant's Petition to reinstate disability benefits as of March 5, 2004; and denying Employer's Petition to Modify and Petition to Suspend Claimant's disability benefits.

On September 24, 2009, Claimant underwent an impairment rating evaluation (IRE) with Dennis J. Bonner, M.D., under former Section 306(a.2) of the Act.[2] Dr. Bonner issued a medical report based on his IRE of Claimant that reflected a whole person impairment of 29% based on the 6th Edition of the American Medical Association Guides to the Evaluation of Permanent Impairment (AMA Guides). On October 20, 2009, Employer issued a Notice of Change of Workers' Compensation Disability Status indicating that Claimant reached a total of 104 weeks of total disability on February 11, 2000, and underwent the September 24, 2009 IRE, and that his benefits were changed from total to partial disability benefits effective September 24, 2009, based on the impairment rating of 29%. Claimant did not appeal the change of his disability status.

On July 18, 2017, following this Court's opinion in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*), and the Pennsylvania Supreme Court's opinion in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827

---

[2] Added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. §511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

2

(Pa. 2017) (*Protz II*),[3] Claimant filed a Petition to Reinstate Compensation Benefits (Reinstatement Petition). The 500-week period for the payment of partial disability benefits[4] had expired on July 11, 2015, before Claimant filed the Reinstatement Petition.

---

[3] As this Court has explained:

> In *Protz* [*I*], this Court held that former Section 306(a.2) of the Act[], was an unconstitutional delegation of legislative power, as it provided that an IRE should be performed under the "most recent" version of the [AMA Guides]. *Protz I*, 124 A.3d at 416. We directed that future IREs must utilize the Fourth Edition of the AMA Guides, the version in effect at the time Section 306(a.2) was enacted. *Id.* at 417. The Supreme Court affirmed this Court in *Protz II*, but struck down Section 306(a.2) in its entirety.

> Act 111 reenacted the IRE provisions held unconstitutional in *Protz II*, with a few key differences. Unlike former Section 306(a.2) of the Act, which specified that an IRE must be conducted pursuant to the most recent version of the AMA Guides, an IRE under Act 111 must utilize the 6th Edition (second printing April 2009) of the AMA Guides. Act 111 also lowered the threshold percentage of disability by which a claimant's disability status may be modified. Under former Section 306(a.2) of the Act, modification of disability status was appropriate if a claimant's total disability was less than 50%. [Act 111 amended] Section 306(a.3)(1) of [the Act, which] lowered this threshold to 35%. Section 306(b) of the Act limits a claimant's receipt of partial disability benefits to 500 weeks. 77 P.S. §512.

*Ruggiero v. Commonwealth of Pennsylvania and Inservco Insurance Services, Inc. (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 934 C.D. 2020, filed May 12, 2021), slip op. at 1-2 n.2. *See also* Pa. R.A.P. 126(b) ("As used in this rule, "non-precedential decision" refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

[4] Repealed Section 306(a.2) of the Act provided that a claimant who had an impairment due to the work injury of less than 50% under the most recent edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment would receive partial disability benefits for 500 weeks. *See former* 77 P.S. §511.2(2).

3

Following an initial WCJ decision denying the Reinstatement Petition, and a remand by the Board, on October 22, 2019, following further hearings, the WCJ issued a decision granting the Reinstatement Petition in part, and directing Employer "to reinstate [] Claimant's workers' compensation benefits to temporary total disability status at the temporary total disability rate as of July 18, 2017." Reproduced Record (R.R.) at 61a. The foregoing order was based on the WCJ's conclusion that

> [b]ased on the credible evidence of record, this [WCJ] finds that []Claimant's 1998 work-related injury continued. . . . Employer's evidence to the contrary has been rejected by this [WCJ] as not persuasive. As such, pursuant to *Whitfield* [*v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018)], [] Claimant is entitled to reinstatement of compensation benefits as of July 18, 2017, the date of the filing of the [Reinstatement Petition].

R.R. at 59a.

Claimant appealed the WCJ's decision to the Board, arguing that under *Protz II*, the IRE provisions of former Section 306(a.2) of the Act were determined to be void *ab initio*, so his disability benefits should have been reinstated as of September 24, 2009, the date of his unconstitutional IRE and not July 18, 2017, the date that he filed his Reinstatement Petition. The Board rejected this claim, stating, in relevant part:

> In [*Whitfield*], the Commonwealth Court held that Section 413(a) of the Act, 77 P.S. §772, is applicable and provides a claimant with three years from the date of last payment of compensation to challenge a conversion from total to partial disability status, regardless of whether the claimant previously challenged the constitutionality of the IRE provisions. It further held that to be entitled to reinstatement of total disability benefits when the change

4

in status was based upon a now-unconstitutional IRE, a claimant must demonstrate that he or she continues to be disabled from the work injury. [188 A.3d] at 614-16 . . . .

Claimant testified as to his continuing disability and treatment and the WCJ accepted his testimony. She determined that as per *Whitfield*, he is entitled to reinstatement to total disability status as of the date he filed his Reinstatement Petition.

Upon review, we affirm. We first reject the implication that *Whitfield* itself requires a different result. The *Whitfield* Court's determination of the law . . . is clear. Further, in *Weidenhammer v.* [*Workers' Compensation Appeal Board*] *(Albright College)*, 232 A.3d 986 (Pa. Cmwlth.[), *appeal denied*, 242 A.3d 912 (Pa. 2020)], the court rejected the argument that *Whitfield* was wrongly decided and should be overturned. The application of *Whitfield* was also recently affirmed in *Rose* [*Corporation v. Workers' Compensation Appeal Board*] *(Espada)*, [238 A.3d 551 (Pa. Cmwlth. 2020)], and *White* [*v. Workers' Compensation Appeal Board*] *(City of Philadelphia)*, [237 A.3d 1225 (Pa. Cmwlth. 2020)].

The *Whitfield* Court specifically held that a claimant is entitled to reinstatement as of the date the petition for reinstatement of total disability benefits was filed. In accord with *Whitfield*, reinstatement is valid as of July 18, 2017.

R.R. at 86a. Accordingly, the Board issued an order affirming the WCJ's decision, *id.* at 87a, and Claimant filed the instant petition for review of the Board's order.[5]

In this appeal, Claimant contends that the Board erred in affirming the WCJ's decision because it erroneously applied *Whitfield* as it was effectively overruled by *Commonwealth v. McIntyre*, 232 A.3d 609 (Pa. 2020), applying the

---

[5] "This Court's review in workers' compensation appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Whitfield*, 188 A.3d at 605 n.6 (citation omitted).

void *ab initio* doctrine in a criminal proceeding challenging a purportedly invalid judgment of sentence, so his disability benefits should have been reinstated as of the date of the unconstitutional IRE, *i.e.*, September 24, 2009, and not the date of his filing of the Reinstatement Petition, July 18, 2017.

In *McIntyre*, the Supreme Court stated the following, in relevant part:

As our Court has previously explicated, the void *ab initio* doctrine is rooted in a judicial imperative to protect individual constitutional rights, such as the right of due process, against transgression by coordinate branches of government:

Under this theory, a statute held unconstitutional is considered void in its entirety and inoperative as if it had no existence from the time of its enactment. The origin of this doctrine may lie in the early case of *Marbury v. Madison*[, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803)], in which Chief Justice Marshall wrote that "a law repugnant to the constitution is void."

Oliver P. Field, the most noted scholar on this issue has suggested that the void *ab initio* theory is premised on the historical American concern over excessive authority asserted by a tyrannical executive or legislative branch in violation of the rights of individuals protected by the Constitution. Field explains that whereas the Constitution prohibits the legislature and executive from overstepping their limits, the courts came to regard themselves as the ultimate guardians of individual rights. Any act that invaded these rights was to be judged unconstitutional and treated as though it never existed.

*Glen-Gery* [*Corporation v. Zoning Hearing Board*, 907 A.2d 1033, 1037 (Pa. 2006) (citation omitted)].

6

Thus, in *Glen-Gery*, following these precepts, our Court ruled that a claim alleging that a zoning ordinance was passed in a manner that deprived landowners of their due process rights to notice and an opportunity to be heard could be brought outside the time period allowed for bringing such challenges under the [Pennsylvania] Municipalities Planning Code[6] enacted by the General Assembly. We reasoned that such a challenge could not be dismissed as time-barred by legislative fiat, because, if the constitutional claim w[as] proven, the zoning ordinance would be void *ab initio* and, thus, judicially unenforceable. *Glen-Gery*, 907 A.2d at 1044-45.

*McIntyre*, 232 A.3d at 618.[7]

However, in *Weidenhammer*, we considered the application of the void *ab initio* doctrine in *Glen-Gery*, and applied it to the reinstatement of disability benefits under *Protz II*, explaining, in relevant part:

---

[6] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101 – 11202.

[7] Ultimately, in *McIntyre*, the Supreme Court determined that the defendant's

> conviction and sentence cannot stand, even though predating our [*Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013),] decision, because his conviction was likewise based on [the expired] Section 4915 [of the Crimes Code, *formerly* 18 Pa. C.S. §4915], which, after *Neiman*, must be regarded as void from the time of its enactment. *Accord Commonwealth v. Wolfe*, [140 A.3d 651, 661 (Pa. 2016)] ("[A] sentence based on an unconstitutional statute that is incapable of severance is void."). Indeed, to permit [the defendant's] conviction and sentence to stand would, as he contends, and the Commonwealth concurs, violate principles of due process, inasmuch as there was no validly[]enacted criminal statute on which the Commonwealth could base [the defendant's] conviction. *Cf. Fiore* [*v. White*, 531 U.S. 225, 228 (2001)] (a criminal conviction offends due process whenever the Commonwealth has failed to prove any element of a criminal offense beyond a reasonable doubt). [The defendant] was, therefore, entitled to reversal of his sentence and discharge from his conviction.

*McIntyre*, 232 A.3d at 619.

The right to disability compensation for a workplace injury was created by the Act, which has imposed limits and conditions on an injured employee's right to compensation benefits. One such limit is found in Section 413(a) of the Act. It authorizes a WCJ to modify, reinstate, suspend or terminate compensation "at any time," subject to the following provision:

> That, except in the case of eye injuries, *no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the* [*Department of Labor and Industry* (*department*)] *within three years after the date of the most recent payment of compensation made prior to the filing of such petition*.

77 P.S. §772 (emphasis added).

In *Cozzone ex rel. Cozzone v. Workers' Compensation Appeal Board (PA Municipal/East Goshen Township)*, [73 A.3d 526 (Pa. 2013)], our Supreme Court held that the above-stated time bar in Section 413(a) operates as a statute of repose. Accordingly, once three years have passed since "the most recent payment of compensation" the claimant's right to benefits is extinguished. *Id.* at 536; *see also Sloane v. Workers' Compensation Appeal Board (Children's Hospital of Philadelphia)*, 124 A.3d 778, 785 (Pa. Cmwlth. 2015) (holding that because Section 413(a) of the Act acts as a statute of repose, a claimant whose benefits were suspended may seek reinstatement of total disability payments within three years of the last payment of benefits or the maximum 500 weeks allowed for partial disability, whichever is later).

Here, [the c]laimant's statutory right to total disability compensation had been extinguished at the point in time that she filed her reinstatement petition. To allow claimant to resuscitate her right to disability compensation would violate Section 413(a) of the Act, 77 P.S. §772. Claimant may be correct that *Protz II* rendered former Section 306(a.2) of the Act, *formerly* 77 P.S. §511.2(1), void *ab initio*, but it does not follow that the Pennsylvania

8

> Supreme Court intended its ruling in *Protz II* to be given a fully retroactive effect or to nullify the statute of repose in Section 413(a) of the Act.

*Weidenhammer*, 232 A.3d at 993-94. As a result, this Court stated: "We hold that the ruling in *Protz II* was not intended to be given a fully retroactive effect, without regard to the statute of repose in Section 413(a) of the Act, 77 P.S. §772." *Id.* at 995.

Importantly, this Court also noted the distinction between applying the void *ab initio* doctrine in a criminal matter, as in *McIntyre*, and applying it in proceedings under the Act, as herein, observing:

> Full retroactive effect is generally reserved for criminal cases where life or liberty is at stake. *See, e.g.*, *Atkins v. Virginia*, 536 U.S. 304, 317 [(2002)] (prohibition of execution of mentally disabled individuals required evaluation of all death-row inmates to determine mental competency); *Commonwealth ex rel. O'Lock v. Rundle*, [204 A.2d 439, 441 (Pa. 1964)] (right to counsel established in *Gideon v. Wainwright*, 372 U.S. 335 [(1963)], applied to those convicted prior to *Gideon* decision). [The c]laimant acknowledges this reality but argues that the void *ab initio* doctrine can be applied to civil cases. To that end, she cited provisions of the Pennsylvania Constitution. [The c]laimant's right to workers' compensation is, however, a statutory right and governed by the Act.

*Weidenhammer*, 232 A.3d at 995 n.12.

Based on the foregoing, it is clear that Claimant's assertion that the Supreme Court's opinion in *McIntyre* effectively overruled this Court's holding in *Whitfield* is patently without merit. To the contrary, like the claimant in *Weidenhammer*, Claimant's "statutory right to total disability compensation had been extinguished at the point in time that []he filed h[is] reinstatement petition," "[t]o allow [C]laimant to resuscitate h[is] right to disability compensation would violate Section 413(a) of the Act," and "it does not follow that the Pennsylvania

9

Supreme Court intended its ruling in *Protz II* to be given a fully retroactive effect or to nullify the statute of repose in Section 413(a) of the Act." *Weidenhammer*, 232 A.3d at 994.[8] As a result, both the WCJ and the Board correctly applied this Court's holding in *Whitfield* to reinstate Claimant's compensation benefits effective July 18, 2017, the date that he filed his Reinstatement Petition, and not September 24, 2009, the date of his unconstitutional IRE. Moreover, as noted by the Board, Claimant specifically sought the reinstatement of his disability benefits as of July 18, 2017, in his Reinstatement Petition. *See* Certified Record Item No. 4. In sum, the Board did not err in affirming the WCJ's decision in this matter.

Accordingly, the Board's order is affirmed.

MICHAEL H. WOJCIK, Judge

---

[8] Likewise, Claimant's reliance on *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 232 A.3d 629 (Pa. 2020) (*Dana Holding II*), in this regard is misplaced. As this Court has stated:

> We acknowledge that in *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 195 A.3d 635 (Pa. Cmwlth. 2018), this Court held that a claimant who was actively litigating his IRE at the time the Supreme Court issued *Protz II* would be entitled to reinstatement of his total disability status as of the date of the IRE, a result recently affirmed by our Supreme Court in *Dana Holding* [*II*]. However, this case is inapplicable to the instant matter, as the [c]laimant here was not in the process of challenging his IRE impairment rating at the time the Supreme Court issued *Protz II*.

*Herb v. Workers' Compensation Appeal Board (Pennsylvania State System of Higher Education)* (Pa. Cmwlth., Nos. 1187 and 1192 C.D. 2019, Nos. 1200 and 1201 C.D. 2019, filed April 5, 2021), slip op. at 8 n.8.

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andre Ellison,                          :
                                        :
                    Petitioner          :
                                        :
          v.                            :  No. 1080 C.D. 2020
                                        :
SEPTA (Workers' Compensation            :
Appeal Board),                          :
                                        :
                    Respondent          :

# **O R D E R**

AND NOW, this 20<u>th</u> day of <u>August</u>, 2021, the order of the Workers' Compensation Appeal Board dated October 13, 2020, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge