NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON CAI,

Petitioner-Appellant,

v.

NEIL MCDOWELL,

Respondent-Appellee.

No. 22-16636

D.C. No. 4:19-cv-03067-HSG

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Haywood Gilliam, District Judge, Presiding

Argued and Submitted February 15, 2024
San Francisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

Appellant Jason Cai appeals from the district court's order denying his

petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253,

and we affirm.

A district court's decision on a petition for writ of habeas corpus is reviewed

de novo. *Kemp v. Ryan*, 638 F.3d 1245, 1254 (9th Cir. 2011). The district court's

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

findings of fact are reviewed for clear error. *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court cannot grant habeas relief unless the petitioner proves that the state court's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). AEDPA imposes a "highly deferential" standard that "demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

1. The state court's rejection of Cai's first claim—that the trial court's exclusion of third-party culpability evidence violated his constitutional rights—was reasonable. "Incorrect state court evidentiary rulings cannot serve as a basis for habeas relief unless federal constitutional rights are affected." *Whelchel v. Washington*, 232 F.3d 1197, 1211 (9th Cir. 2000). Cai bears the burden of showing that the state court's exclusion of third-party culpability evidence offends a "fundamental principle of justice." *Montana v. Egelhoff*, 518 U.S. 37, 43, 51 (1996).

He must show that it had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

States "have broad latitude … to establish rules excluding evidence from criminal trials" provided that "they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)). California law does "not require that any evidence, however remote, must be admitted to show a third party's possible culpability." *People v. Hall*, 718 P.2d 99, 104 (Cal. 1986). Instead, to be admissible, "there must be direct or circumstantial evidence linking the third person to the actual perpetration of the crime." *Id.* Such rules "regulating the admission of evidence … to show that someone else committed the crime" are "widely accepted." *Holmes v. South Carolina*, 547 U.S. 319, 327 (2006).

Here, Cai has not shown that the challenged ruling violated his constitutional rights or resulted in prejudice. Cai offers little evidence to support his murder-for-hire theory, making it purely speculative. Trial courts in California have a legitimate interest in avoiding speculation and the "possibility of undue diversion of ... trial[s]." *Perry v. Rushen*, 713 F.2d 1447, 1453 (9th Cir. 1983). Thus, the court's exclusion of evidence supporting Cai's third-party culpability theory does not offend fundamental principles of justice. And even assuming Cai's rights were affected,

the exclusion did not result in prejudice because "the State's evidence of guilt was, if not overwhelming, certainly weighty." *Brecht*, 507 U.S. at 639. The case against Cai was substantial, and he has not shown that the omission affected the jury's verdict. For these reasons, the trial court's exclusion of third-party culpability evidence does not entitle him to habeas relief. *See Davis v. Ayala*, 576 U.S. 257, 267, 286 (2015).

2. The state court's rejection of Cai's second claim—that trial counsel was ineffective for failing to present expert testimony—was also reasonable. To prevail on a claim for ineffective assistance of counsel, Cai must show that trial counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Looking through to the Superior Court's reasoned opinion below, *see Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018), it was reasonable to conclude that Cai failed to make "a showing that an independent expert's testimony might reasonably have made a difference in light of the totality of the evidence." The probability that he was prejudiced must be "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

Considering the overwhelming weight of the evidence against him, it was reasonable for the state court to conclude that Cai had not "affirmatively prove[d]" that he was prejudiced by defense counsel's failure to retain an expert witness. *Id.* We reject Cai's argument that the Superior Court's reasoning regarding prejudice was untenable considering the record presented in subsequent state court petitions.

3. The state court's rejection of Cai's third claim—challenging the trial court's jury instructions—was similarly reasonable. A defendant is entitled to habeas relief when there is "a reasonable likelihood that the jury understood [an] instruction[] to allow conviction based on proof insufficient to" establish guilt beyond a reasonable doubt, as required by the Due Process Clause. *Victor v. Nebraska*, 511 U.S. 1, 6 (1994); *Fiore v. White*, 531 U.S. 225, 228–29 (2001) (per curiam).

Courts use a "reasonable likelihood" standard to determine whether jury instructions "subject to an erroneous interpretation" violated a defendant's constitutional rights. *Boyde v. California*, 494 U.S. 370, 380 (1990). The "proper inquiry is not whether the instruction 'could have' been applied in an unconstitutional manner, but whether there is a reasonable likelihood that the jury did so apply it." *Victor*, 511 U.S. at 6 (quoting *Estelle v. McGuire*, 502 U.S. 62, 72 n.4 (1991)). Habeas relief is not appropriate if "[a]t best, petitioner has demonstrated only that there exists a slight possibility that the jury" misapplied the instruction.

5

*Weeks v. Angelone*, 528 U.S. 225, 236 (2000). Courts approach instructions "in the same way that the jury would," *Johnson v. Texas*, 509 U.S. 350, 368 (1993), with a "commonsense understanding" and "in the light of all that has taken place at the trial." *Boyde*, 494 U.S. at 380–81.

Cai has not shown a reasonable likelihood that the jury improperly applied CALCRIM No. 359 in this case. The challenged instruction in this case simply states the rule in California that identity *may* be proven by a defendant's statements alone, not that it *must*. Cai is correct that his statements alone were insufficient to establish his guilt beyond a reasonable doubt. But he offers no evidence that the jury misunderstood CALCRIM No. 359 and came to its verdict based on his statements alone. Cai's contention that the jury was "impermissibly inhibited by the instruction … amounts to no more than speculation." *Boyde*, 494 U.S. at 380.

And even assuming that an error did occur, it was harmless. *See Chapman v. California*, 386 U.S. 18, 21–24 (1967). Considering the weight of the evidence against Cai, it was reasonable to conclude that any error caused by CALCRIM No. 359 did not "necessarily render [the] trial fundamentally unfair." *Neder v. United States*, 527 U.S. 1, 8 (1999) (quoting *Rose v. Clark*, 478 U.S. 570, 577 (1986)). Therefore, Cai is not entitled to habeas relief on this ground.

**AFFIRMED.**

6