NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-558

COMMONWEALTH

vs.

TIMOTHY BROWN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this appeal we revisit various issues associated with the murder prosecution of defendant Timothy Brown, see Commonwealth v. Brown, 477 Mass. 805 (2017), cert. denied, 139 S. Ct. 54 (2018). On June 25, 2013, a jury found Brown guilty of multiple charges, including felony-murder in the first degree and home invasion. On direct appeal, the Supreme Judicial Court rejected all claims of error with regard to Brown's convictions, and we refer the reader to that opinion for a detailed discussion of the facts. Id. at 807. Relevant for present purposes is that Brown was not present in the home where the murders occurred, but instead was tried and convicted on the theory that he had jointly participated in planning two

felonies -- attempted armed robbery and home invasion -- and that Brown's coventurers had committed two murders in the course of that planned robbery.  Id. at 808-811, 812, 814.

In upholding Brown's convictions, the Supreme Judicial Court explicitly held that the evidence was sufficient to convict Brown of felony-murder in the first degree under Massachusetts law, and that convicting Brown of felony-murder in the first degree did not violate Federal or Massachusetts constitutional principles.  Brown, 477 Mass. at 814, 822-823. Importantly, a separate concurrence, joined by a majority of the justices, went on to hold that for future prosecutions, Massachusetts law would no longer recognize the felony-murder crimes of which Brown had been convicted; rather, going forward:

> "criminal liability for murder in the first or second
> degree will be predicated on proof that the defendant acted
> with malice or shared the intent of a joint venturer who
> acted with malice.  The sole remaining function of felony-
> murder will be to elevate what would otherwise be murder in
> the second degree to murder in the first degree where the
> killing occurs during the commission of a life felony."

Id. at 832 (Gants, C.J., concurring).

Having concluded that it would change the Massachusetts common law of felony-murder, the majority was explicit that its change would not apply to Brown's case, but would apply only prospectively:

> "The abolition of felony-murder liability from our common
> law of murder is prospective, applying only to cases where
> trial begins after our adoption of the change.  It will

2

have no effect on felony-murder cases already tried, including this case (which is why this is a concurrence rather than a dissent)."

Brown, 477 Mass. at 834.

Finally, the court performed its review of Brown's convictions of murder in the first degree under G. L. c. 278, § 33E, and concluded that on the facts before it, verdicts of murder in the second degree were more "consonant with justice." Brown, 477 Mass. at 824. Brown's first-degree murder convictions were accordingly vacated and the case remanded for resentencing. This appeal is taken from the judgments resentencing the defendant in accordance with verdicts of murder in the second degree, as well as of armed home invasion. For the reasons that follow, we affirm.

Discussion. 1. The murder convictions. The defendant raises a variety of arguments, which we address in turn. He first argues that his convictions of murder in the second degree must be overturned because the Commonwealth failed to prove every element of the crime, and thus violated the due process clause of the Fourteenth Amendment. Although not entirely clear, this argument appears to stem from the notion that the law applicable at the time of the murders required proof that the defendant acted with malice. The short answer to this argument is that the Supreme Judicial Court has already ruled that there was sufficient evidence to find the defendant guilty

3

of murder in the first degree under the laws of the Commonwealth as of the time the defendant was tried and convicted. The defendant's insufficient evidence argument is thus barred by direct estoppel. See Commonwealth v. Sanchez, 485 Mass. 491, 498 (2020). Furthermore, the reduction of the verdicts to murder in the second degree was done pursuant to the court's powers under § 33E, and thus the decision to reduce the convictions provides no basis for an insufficiency of the evidence or other constitutional argument. Indeed, the defendant has not argued that the court violated any constitutional provision, Federal or State, by exercising its § 33E powers in that fashion.[1]

The defendant next argues that under the United States Supreme Court decision in Fiore v. White, 531 U.S. 225 (2001), the verdicts of murder in the first degree must be reversed because the law of first-degree murder that the court announced in Brown must be applied to the charges against Brown himself. This argument is also incorrect. Fiore dealt with a criminal prosecution in Pennsylvania where, after the defendant had been convicted, the Pennsylvania Supreme Court (in a different case)

---

[1] The defendant also argues that there was insufficient evidence to convict him because he was not "at, or near the scene" at the time his coventurers committed the murders. This argument, or a like argument, was addressed and rejected on the defendant's direct appeal. Brown, 477 Mass. at 811-814. It is also barred by direct estoppel. See Sanchez, 485 Mass. at 498.

clarified the necessary elements of the crime of which the defendant had been convicted. Fiore, 531 U.S. at 226, 229. The clarification showed that the defendant in Fiore could not have been convicted of the crime at the time he was tried, because the prosecution could not have established all the elements. Fiore is plainly distinguishable from this case, because here the Supreme Judicial Court's ruling makes clear that Brown was properly convicted at the time he was tried, and that the court changed the law for future prosecutions only.

Finally, the defendant argues, in essence, that Brown's convictions must be vacated because the Supreme Judicial Court was required by law to apply its new common-law rule to Brown's case. Brown, 477 Mass. at 807-808. To the extent the defendant's argument is based in Massachusetts retroactivity law, it of course is without merit, as the Supreme Judicial Court is the final arbiter of such an issue, and has already decided it. Id. at 808, 834. To the extent the defendant's argument is based on the Federal Constitution, the Supreme Judicial Court also has already concluded that its decision to announce a new common-law rule, but not to apply it to Brown, did not violate any Federal constitutional provision. The court addressed such arguments in Commonwealth v. Martin, 484 Mass. 634, 644 (2020), where the defendant argued that "as a matter of due process, equal protection, and basic fairness, we should

5

extend our holding in Brown to his case, [because his case] was tried before the opinion in Brown and the appeal was pending when Brown was decided."  The court concluded that Federal law was not violated by the court's refusal to apply its new common-law rule to cases tried before (and including) Brown, "[b]ecause Brown neither established a new Federal constitutional rule nor a new Federal rule of criminal procedure."  Martin, 484 Mass. at 644.  We of course are bound by the Supreme Judicial Court's ruling on that issue.  See Commonwealth v. Dube, 59 Mass. App. Ct. 476, 485-486 (2003).  To the extent that the defendant argues the due process holding of Martin should not apply because the due process clause of the Fourteenth Amendment requires that where the substantive law changes while an appeal is pending, the new, current law must be given effect in cases on appeal where the judgment is not final, we think that argument, raised by the defendant in Martin, was resolved by Martin, which we follow.

2.  The armed home invasion conviction.  The defendant also argues that his armed home invasion conviction must be vacated, for two reasons:  (1) because there was insufficient evidence of his "actual participation" in the crime, and (2) because the home invasion conviction is duplicative of his convictions of felony-murder in the first degree.  The defendant's insufficiency of the evidence argument was considered and

6

explicitly rejected in the Brown decision itself.  Brown, 477 Mass. at 814.  The defendant's duplicative conviction argument also fails.  Where as here a defendant is convicted of felony-murder based on two different underlying felonies, only the offense that is "better suited to serve as the predicate felony" is duplicative of the felony-murder conviction.  Commonwealth v. Simon, 481 Mass. 861, 872 (2019), quoting Commonwealth v. Rasmusen, 444 Mass. 657, 666 (2005).  Here Brown was not separately convicted of the predicate felony of attempted armed robbery, and such a conviction would have been duplicative and thus invalid.  But his conviction of home invasion may stand independently.

3.  Arguments based on Commonwealth v. Guardado.  Finally, the defendant argues, based on the Supreme Judicial Court's decisions in Commonwealth v. Guardado, 491 Mass. 666, 690, 692 (Guardado I), S.C., 493 Mass. 1 (2023) (Guardado II), that we are required to reverse his convictions of unlawful possession of a firearm, and unlawful possession of ammunition.  In Guardado I, supra at 693, however, the Supreme Judicial Court expressly held that its decision only applied to cases on direct appeal as of the time Guardado I was decided on April 13, 2023; Guardado I did not apply to reopen convictions that were final as of April 13, 2023.  The defendant's firearm convictions became final as of the decision on direct appeal in Brown, in

7

2017.  We disagree with the defendant's contrary argument that his firearm convictions were not final because, after the Supreme Judicial Court's decision in Brown, the Superior Court engaged in resentencing with respect to the reduced convictions of murder in the second degree.  Indeed, as the Commonwealth points out, the defendant was sentenced to two years in the house of correction for the firearm convictions in 2013, and thus had already served his sentences for the firearm convictions by the time the case was remanded for resentencing in 2017.

Judgments affirmed.

By the Court (Rubin,
    Englander & D'Angelo, JJ.[2]),

Ame M. Thomas
Assistant Clerk

Entered:  May 30, 2024.

---

[2] The panelists are listed in order of seniority.